**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| RENEE ESTESE, <br><br> Plaintiff, <br><br> v. <br><br> SYNERGY FINANCIAL PARTNERS INC and DOES 1-20, <br><br> Defendants. | Case No. 1:19-cv-1618 <br><br> **CLASS ACTION COMPLAINT** <br><br> **JURY DEMANDED** |

Now comes the Plaintiff, RENEE ESTESE ("Plaintiff"), by and through her attorneys, and for her Class Action Complaint against the Defendants, SYNERGY FINANCIAL PARTNERS INC and DOES 1-20 (collectively referred to below as "Defendants"), Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENTS**

1. This is an action for damages, injunctive relief, and any other available legal or equitable remedies, for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, resulting from the illegal actions of Defendants, in negligently, knowingly and/or willfully placing through its agent(s), automated sales, solicitation and/or other telemarketing calls to Plaintiff's cellular telephone, in violation of the TCPA and its related regulations, specifically the National Do-Not-Call Registry and internal do-no-call provisions of 47 C.F.R. 64.1200(c) and (d), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

2. According to the Federal Communications Commission's website, accessed on February 24, 2019 at http://www.fcc.gov/consumers/guides/stop-unwanted-calls-texts-and-faxes:

> The national Do Not Call list protects landline and wireless phone numbers. You can register your numbers on the national Do Not Call list at no cost… Telemarketers must remove your numbers from their call lists and stop calling you within 31 days from the date you register. Your numbers will remain on the list until you remove them or discontinue service – there is no need to re-register numbers.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this civil action arises under a law of the United States, the TCPA.

4. This Court has personal jurisdiction over Defendants because they are actively engaged in selling their products and services throughout the Northern District of Illinois and the United States.

5. This Court has personal jurisdiction over Defendants because they caused the telephone calls at issue in this case to be placed to Plaintiff, who lives within the Northern District of Illinois, at a telephone number bearing an Illinois area code.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

7. Plaintiff is an individual who was at all relevant times residing in Oak Park, Illinois.

8. Plaintiff is a "person" as defined by 47 U.S.C. § 153 (39).

9. On information and belief, Defendant SYNERGY FINANCIAL PARTNERS INC ("Synergy") is a corporation of the State of Georgia, which is not licensed to do business in Illinois, and whose principal place of business is located in Cumming, Georgia.

10. On information and belief, at all times relevant hereto, Synergy was engaged in the marketing and solicitation of financial and/or loan services.

11. Synergy is a "person" as defined by 47 U.S.C. § 153(39).

12. The true names and capacities of the Defendants sued herein as DOES 1-20 are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a Doe is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the Doe Defendants when such identities become known.

13. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTS COMMON TO ALL COUNTS

14. On or about June 6, 2009, Plaintiff successfully registered her telephone number ending in -1042 with the National Do-Not-Call Registry.

15. During or about October of 2017, Defendants began placing unsolicited automated telemarketing calls to Plaintiff's cellular telephone.

16. Plaintiff has not previously sought out Synergy's services nor has Plaintiff attempted to retrieve information from Synergy about its services. Therefore, Plaintiff did not have an "established business relationship" with either Defendant, as set forth in 16 C.F.R. § 310.4(b)(iii)(B).

17. When Plaintiff would answer Defendants' calls, she experienced a long pause, lasting approximately three to four seconds, before she heard a noise on the line followed by a representative of Synergy that would begin speaking, which is indicative of an automated telephone dialing system.

18. During one of the initial calls Plaintiff received from Defendants, when Plaintiff answered the call, she spoke to an employee, agent, and/or representative of Synergy. Plaintiff requested that Defendants cease calling her and that she be placed on Defendants' internal do-not-call list.

19. Despite Plaintiff's unequivocal requests that Defendants cease calling her and that she be placed on Defendants' internal do-not-call list, Plaintiff continued receiving unauthorized, automated telemarketing calls from Defendants

20. To date, Plaintiff has received at least 19 unauthorized, automated telemarketing calls from Defendants.

21. As a result of Defendants' acts and omissions outlined above, Plaintiff has suffered concrete and particularized injuries and harm, which include, but are not limited to, the following:

    a. Invasion of privacy;

    b. Intrusion upon and occupation of the capacity of Plaintiff's cellular telephone;

    c. Wasting Plaintiff's time;

    d. Risk of personal injury due to interruption and distraction when receiving unwanted telephone calls from Defendants;

    e. Depletion of Plaintiff's cellular telephone batteries;

   f.  The cost of electricity to recharge Plaintiff's cellular telephone batteries;

    and

   g.  Stress, aggravation, emotional distress, and mental anguish.

## **CLASS ALLEGATIONS**

22. Plaintiff brings this action on behalf of herself and all others similarly situated, as a member of the proposed class (the "Class"), defined as follows:

> All persons or entities within the United States who received any automated telephone calls, placed by or on behalf of Defendants, without the consent of the recipient, within four years prior to the filing of this Complaint.

23. Plaintiff represents, and is a member of, a sub-class (the "National Do-Not-Call Sub-Class"), defined as follows:

> All residential telephone subscribers within the United States whose telephone numbers were registered on the National Do-Not-Call Registry for at least 31 days, who had not granted Defendants prior express consent nor had a prior established business relationship with Defendants, or who had revoked such consent and prior established business relationship, who received more than one call made by or on behalf of Defendants that promoted Defendants' products or services, within any 12-month period, within four years prior to the filing of this Complaint.

24. Plaintiff also brings this action on behalf of herself and all others similarly situated, as a member of another proposed sub-class (the "Internal Do-Not-Call Sub-Class"), defined as follows:

> All residential telephone subscribers within the United States who requested that Defendants not place calls to them for telemarketing purposes, who received at least one such call made by or on behalf of Defendants that promoted Defendants' products or services, more than 30 days after the date such request was made, and within four years prior to the filing of this Complaint.

25.     Defendants, their employees and agents are excluded from the Class, the National Do-Not-Call Sub-Class, and the Internal Do-Not-Call Sub-Class. Plaintiff does not know the number of members in the Class, the National Do-Not-Call Sub-Class, and the Internal Do-Not-Call Sub-Class, but believes the members number in the hundreds, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

26.     The Class, the National Do-Not-Call Sub-Class, and the Internal Do-Not-Call Sub-Class are so numerous that the individual joinder of all of their members is impractical. While the exact number and identities of their members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the Class, the National Do-Not-Call Sub-Class, and the Internal Do-Not-Call Sub-Class include hundreds, if not thousands of members. Plaintiff alleges that the class members may be ascertained by the records maintained by Defendants.

27.     This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) because the Class, the National Do-Not-Call Sub-Class, and the Internal Do-Not-Call Sub-Class are so numerous that joinder of their members is impractical and the disposition of their claims in the Class Action will provide substantial benefits both to the parties and the Court.

28.     There are questions of law and fact common to the Class, the National Do-Not-Call Sub-Class, and the Internal Do-Not-Call Sub-Class affecting the parties to be represented. The questions of law and fact common to the Class, the National Do-Not-Call Sub-Class, and the Internal Do-Not-Call Sub-Class predominate over questions which may affect individual class members and include, but are not necessarily limited to, the following:

      a. Whether the Class members' telephone numbers were called by Defendants using an automatic telephone dialing system without Defendants having obtained prior express consent to place such calls;

      b. Whether the National Do-Not-Call Sub-Class members' telephone numbers were called by Defendants more than 31 days after the date such Sub-Class members registered their numbers on the National Do-Not-Call Class registry;

      c. Whether the Internal Do-Not-Call Sub-Class members' telephone numbers were called by Defendants more than 30 days after the date such Sub-Class members requested their numbers be added to Defendants' internal do-not-call list;

      d. Whether Defendants violated the TCPA, 47 U.S.C. § 227, *et seq.*, by placing automated telephone calls to the class members without proper consent;

      e. Whether Defendants violated the TCPA, 47 U.S.C. § 227, *et seq.*, by placing telephone calls to the National Do-Not-Call Sub-Class members without proper consent; and

      f. Whether Defendants violated the TCPA, 47 U.S.C. § 227, *et seq.*, by placing telephone calls to the Internal Do-Not-Call Sub-Class members without proper consent.

29. As a resident of the United States whose telephone number was called by Defendants using an automatic telephone dialing system, on multiple occasions, without Plaintiff's prior express consent, more than 31 days after Plaintiff had registered her telephone number on the National Do-Not-Call Registry, and more than 30 days after Plaintiff requested her number be

added to Defendants' internal do-not-call list, Plaintiff is asserting claims that are typical of the Class, the National Do-Not-Call Sub-Class, and the Internal Do-Not-Call Sub-Class.

30. Plaintiff has no interests adverse or antagonistic to the interests of the other members of the Class, the National Do-Not-Call Sub-Class, and the Internal Do-Not-Call Sub-Class.

31. Plaintiff will fairly and adequately protect the interests of the members of the Class, the National Do-Not-Call Sub-Class, and the Internal Do-Not-Call Sub-Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

32. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class, National Do-Not-Call Sub-Class, and Internal Do-Not-Call Sub-Class members is impracticable. Even if every Class and Sub-Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments and would magnify the delay and expense to all parties, and to the court system, resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system and protects the rights of each class member. Class treatment will also permit the adjudication of relatively small claims by many class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

33. The prosecution of separate actions by individual members of the Class, the National Do-Not-Call Sub-Class, and the Internal Do-Not-Call Sub-Class would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests

of the other class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party class members to protect their interests.

34. Defendants have acted or refused to act in respect generally applicable to the Class, the National Do-Not-Call Sub-Class, and the Internal Do-Not-Call Sub-Class, thereby making appropriate final and injunctive relief with regard to the members of the Class, the National Do-Not-Call Sub-Class, and the Internal Do-Not-Call Sub-Class as a whole.

35. Defendants failed to comply with the requirements of the TCPA and its regulations, including but not limited to 47 U.S.C. § 227(b), and 47 C.F.R. § 64.1200(c) and (d), as to the Class, National Do-Not-Call Sub-Class, and Internal Do-Not-Call Sub-Class members, with respect to the above-alleged transactions.

36. 47 U.S.C. § 227(b)(1)(A)(iii), provides that:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice…to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States…

37. 47 C.F.R. § 64.1200(c)(2) provides that:

> [n]o person or entity shall initiate any telephone solicitation to…[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.

38. 47 C.F.R. § 64.1200(d) provides that:

> No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request

not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

…

(3) *Recording, disclosure of do-not-call requests.* If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request.

39. In multiple instances, Defendants placed calls to the Class members using an automatic telephone dialing system, without the members' prior express consent, in violation of the TCPA, 47 U.S.C. § 227, *et seq.*

40. In multiple instances, Defendants placed calls to the National Do-Not-Call Sub-Class members without the members' consent, and after the members registered with the federal government's Do-Not-Call list, in violation of the TCPA, 47 U.S.C. § 227, *et seq.*, and 47 C.F.R. 64.1200(c).

41. In addition, on information and belief, Defendants have not instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of Defendants, in violation of the TCPA, 47 U.S.C. § 227, *et seq.*, and 47 C.F.R. 64.1200(d).

42. The size and definition of the Class, the National Do-Not-Call Sub-Class, and the Internal Do-Not-Call Sub-Class can be identified through Defendants' records and/or Defendants' agents' records.

## COUNT I
## NEGLIGENT VIOLATION OF THE
## TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227(b)(1)(A)(iii)

43. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 42 above as if reiterated herein.

44. The foregoing acts and omissions of Defendants constitutes numerous and multiple negligent violations of the TCPA, including, but not limited to, each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq.*, and 47 U.S.C. § 227(b)(1)(A)(iii).

45. As a result of Defendants' negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

46. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT II
## KNOWING AND/OR WILLFUL VIOLATION OF THE
## TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227(b)(1)(A)(iii)

47. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 46 above as if reiterated herein.

48. The foregoing acts and omissions of Defendants constitutes numerous and multiple knowing and/or willful violations of the TCPA, including, but not limited to, each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*, and 47 U.S.C. § 227(b)(1)(A)(iii).

49. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

50. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT III
## NEGLIGENT VIOLATION OF THE
## TELEPHONE CONSUMER PROTECTION ACT
## 47 C.F.R. 64.1200(c)

51. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 50 above as if reiterated herein.

52. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including, but not limited to, each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq.*, and the implementing regulations of 47 C.F.R. 64.1200(c).

53. As a result of Defendants' negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

54. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT IV
## KNOWING AND/OR WILLFUL VIOLATION OF THE
## TELEPHONE CONSUMER PROTECTION ACT
## 47 C.F.R. 64.1200(c)

55. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 54 above as if reiterated herein.

56. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including, but not limited to, each and every one

of the above-cited provisions of 47 U.S.C. § 227, *et seq.*, and the implementing regulations of 47 C.F.R. 64.1200(c).

57. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

58. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT V
## NEGLIGENT VIOLATION OF THE
## TELEPHONE CONSUMER PROTECTION ACT
## 47 C.F.R. 64.1200(d)

59. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 58 above as if reiterated herein.

60. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including, but not limited to, each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq.*, and the implementing regulations of 47 C.F.R. 64.1200(d).

61. As a result of Defendants' negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

62. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

**COUNT VI**
**KNOWING AND/OR WILLFUL VIOLATION OF THE**
**TELEPHONE CONSUMER PROTECTION ACT**
**47 C.F.R. 64.1200(d)**

63. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 62 above as if reiterated herein.

64. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including, but not limited to, each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*, and the implementing regulations of 47 C.F.R. 64.1200(d).

65. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

66. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for a judgment against Defendants as follows:

a. An order certifying the Class, the National Do-Not-Call Sub-Class, and the Internal Do-Not-Call Sub-Class and appointing Plaintiff as Representative of the Class, the National Do-Not-Call Sub-Class, and the Internal Do-Not-Call Sub-Class;

b. An order certifying the undersigned counsel as the Class Counsel, the National Do-Not-Call Sub-Class Counsel, and the Internal Do-Not-Call Sub-Class Counsel;

    c.    An order requiring Defendants, at their own cost, to notify all members of the Class, the National Do-Not-Call Sub-Class, and the Internal Do-Not-Call Sub-Class of the unlawful, unfair, deceptive and unconscionable conduct herein;

    d.    Judgment against Defendants in the amount of $500.00 in statutory damages for each and every negligent violation of the TCPA by Defendants;

    e.    Judgment against Defendants in the amount of $1,500.00 in statutory damages for each and every knowing and/or willful violation of the TCPA by Defendants;

    f.    An order for injunctive relief prohibiting such conduct by Defendants in the future;

    g.    Judgment against Defendants for Plaintiff's court costs and other litigation costs; and

    h.    Any other relief deemed just and proper by this Court.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues in this action so triable, except for any issues relating to the amount of costs to be awarded should Plaintiff prevail on any of her claims in this action.

RESPECFULLY SUBMITTED,

RENEE ESTESE

By: /s/ David B. Levin
      Attorney for Plaintiff
      Illinois Attorney No. 6212141
      Law Offices of Todd M. Friedman, P.C.
      333 Skokie Blvd., Suite 103
      Northbrook, Illinois 60062
      Phone: (224) 218-0882
      Fax: (866) 633-0228
      dlevin@toddflaw.com